UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO
The Honorable Michael E. Romero

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COMMERCIAL CAPITAL, INC. | ) | Case No. 09-17238 MER |
| | ) | Chapter 11 |
| Debtor. | ) | |

### MOTION TO APPROVE SETTLEMENT AGREEMENT

James T. Markus, as Chapter 11 Trustee for Commercial Capital, Inc. ("Trustee"), through undersigned counsel, hereby files his Motion to Approve Settlement Agreement in *Markus v. Kennedy Funding, Inc.*, Adversary Case No. 11-01254-MER, and in support therof, states as follows:

1. On April 22, 2009 (the "Petition Date"), CCI filed its voluntary petition for relief under chapter 11 of title 11 U.S.C., commencing bankruptcy Case Number 09-17238-MER (the "Bankruptcy Case"), in the United States Bankruptcy Court for the District of Colorado.

2. Trustee is the duly appointed chapter 11 trustee in CCI's Bankruptcy Case. The Court's order approving the appointment of Trustee was entered on December 11, 2009.

3. Prior to the Petition Date, Trustee believes that Kennedy Funding, Inc. ("Adversary Defendant") received a transfer from CCI totaling no less than $20,000.00 ("Transfer").

4. Trustee initiated, Adversary Case No. 11-01254-MER ("Adversary Proceeding"), on April 21, 2011 against Adversary Defendant, seeking to avoid and recover the Transfer and objecting to the allowance of any claims filed by Adversary Defendant in CCI's Bankruptcy Case.

5. Adversary Defendant generally denies the Trustee's allegations and asserts what it believes to be complete defenses to Trustee's claims in the Adversary Proceeding.

6. "To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)).

7. In assessing a request to approve a compromise under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, "a court's general charge is 'to determine whether the settlement is fair and equitable and in the best interests of the estate.'" *Official Comm. of Unsecured Creditors v. W. Pac. Airlines, Inc. (In re W. Pac. Airlines, Inc.)*, 219 B.R. 575, 579 (D. Colo.

1998) (quoting *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989)).

8.      Although the Court has discretion to approve a settlement under Rule 9019, *Kaiser Steel*, 105 B.R. at 978, its decision "must be an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989).

9.      Courts have focused on four primary factors in considering approval of bankruptcy settlements: "the probable success of the litigation on the merits, any potential difficulty in collection of a judgment, the complexity and expense of the litigation and the interests of creditors in deference to their reasonable views." *Kaiser Steel*, 105 B.R. at 977; *accord Korngold v. Loyd (In re S. Med. Arts Cos., Inc.),* 343 B.R. 250, 256 (10th Cir. BAP 2006); *In re Martin*, 91 F.3d at 393. In addition to considering those factors, the Court "must carefully weigh the value of the settled claim against the value to the estate by the settlement." *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986). "[S]ome deference to the business judgment" of a trustee or debtor in possession is appropriate where a proposed settlement otherwise is fair and equitable to the estate. *In re OptInRealBig.com, LLC*, 345 B.R. 277, 291 (Bankr. D. Colo. 2006).

10.     In this case, the Trustee believes that the settlement with Adversary Defendant is in the best interest of the estate because it avoids the cost, delay, and risk of litigation. Under the Settlement Agreement, *attached hereto as **Appendix 1***, the $15,000 in settlement payments to CCI's bankruptcy estate eliminates further fees and costs for prosecuting the avoidance claim in the Adversary Proceeding and allows a reasonable recovery.

11.     The Trustee believes that his claims against Adversary Defendant for avoidance of the Transfers have merit, but that Defendant likely has valid defenses that could reduce or even eliminate any net recovery for the estate. The settlement allows the Trustee to recover something for the benefit of creditors while eliminating the costs of litigation and the risk of no recovery.

12.     Overall, the settlement with Adversary Defendant is fair, reasonable and in the best interest of the estate for purposes of approval under Fed. R. Bankr. P. 9019.

WHEREFORE, for all of the foregoing reasons, Trustee respectfully requests entry of an order approving the settlement with Defendant Kennedy Funding, Inc. and for such other relief as deemed appropriate.

/
/
/
/
/
/
/
/
/

G:\A-D\Commercial Capital Inc (CCI) 10984\035 KENNEDY\Pleadings\Motion to Approve Settlement K and Notice\Motion to Approve Settlement K (main case caption).doc

2

/

Respectfully submitted this 26th day of April, 2012.

        MARKUS WILLIAMS
YOUNG & ZIMMERMANN LLC

*s/     John F. Young*
John F. Young, #26989
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203-4505
Telephone (303) 830-0800
Facsimile (303) 830-0809
Email: jmcanallen@markuswilliams.com
***Attorneys for James T. Markus,***
***Chapter 11 Trustee***

G:\A-D\Commercial Capital Inc (CCI) 10984\035 KENNEDY\Pleadings\Motion to Approve Settlement K and Notice\Motion to Approve Settlement K (main case caption).doc

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of April, 2012, I caused a true and correct copy of the foregoing **MOTION TO APPROVE SETTLEMENT AGREEMENT** to be served electronically via the CM ECF system upon all parties who have requested notice and via U.S. mail, first class postage prepaid, upon Defendant at the following address:

Kennedy Funding, Inc.  
Two University Plaza, Suite 402  
Hackensack, New Jersey 07601

Kennedy Funding, Inc.  
c/o Jeffrey Wolfer (Registered Agent)  
Two University Plaza, Suite 402  
Hackensack, New Jersey 07601

Jordan B. DeFlora  
930 Sylvan Avenue, Suite 110  
Englewood Cliffs, NJ  07632

*s/ Roberta Purser*

G:\A-D\Commercial Capital Inc (CCI) 10984\035 KENNEDY\Pleadings\Motion to Approve Settlement K and Notice\Motion to Approve Settlement K (main case caption).doc

4