

Signed/Docketed
September 21,

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
## The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-17238 MER |
| COMMERCIAL CAPITAL, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |

## ORDER

THIS MATTER comes before the Court on the *Motion to File Late Filed Claims* (the "Motion") filed by Rhonda Lane, both individually and as Trustee of the Robert A. Filbey Irrevocable Trust, the Robert A. Filbey Irrevocable Trust, and Fall River Village Communities, LLC,[1] and the response thereto filed by the Debtor CCI Funding I, LLC.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) because it involves the allowance or disallowance of claims against the estate.

## BACKGROUND FACTS

On July 30, 2012, this Court issued an Order in Adversary No. 09-1530 MER regarding the Defendants' *Motion for Court Evaluation of Applicability of Stern v. Marshall* and CCIF's Response.[2]  That Order contained a detailed statement of the background facts and procedural history of the related bankruptcy cases[3] and the adversary proceeding, and the Court hereby adopts that statement and incorporates it by reference.

---

[1] Docket No. 1122 in Case No. 09-17238 MER.

[2] Docket No. 160 in Adversary No. 09-1530 MER, *Steinle v. Fall River Village Communities, LLC#2, Noel West Lane III, and the Lane II Group, Inc.*

[3] *In re Commercial Capital, Inc.*, Case No. 09-17238 MER and *In re CCI Funding I, LLC*, Case No. 09-17437 MER.

In the July 30, 2012 Order, the Court found it had statutory authority to address the claims raised in the adversary proceeding's Second Amended Complaint, and ordered that trial in this matter would proceed.  The Court also held a pretrial conference on July 30, 2012.[4]  At the conference the Court ordered, inter alia, the Defendants could, by August 13, 2012, "make any necessary changes to the claims register and the proofs of claim regarding all the Fall River Parties and to file a status report with the Court regarding the claims."  The Defendants' Report followed, indicating the Defendants' intention to seek to amend their claims in In re Commercial Capital, Inc., Case No. 09-17238 MER ("CCI"), and in In re CCI Funding I, LLC, Case No. 09-17437 MER ("CCIF").  Only the estate of CCIF is involved in the Adversary Proceeding.

The Court's records in the within case show the Court entered an Order establishing a bar date of April 15, 2011, for filing proofs of claim.[5]  Notice of this Order was sent to creditors and parties in interest on March 14, 2011, including David Oppenheim, Fall River Village Communities, LLC, Fall River Village Communities, LLC#2, Lane III Management, Noel Lane, Noel W. Lane, and Noel West Lane, III.[6]

The Motion alleges Rhonda Lane, the Robert A. Filbey Irrevocable Trust, and Fall River Village Communities, LLC (the "Movants") are creditors of CCIF and CCI (and have filed "informal proofs of claim" applicable to both debtors by virtue of documents filed in Case No. 09-17238 MER.  In addition, the Movants contend they are not bringing additional claims against the Debtor, but rather seek to merge their claims with the previous claims filed by Noel West Lane III, The Lane III Group, and Fall River Village Communities, LLC#2 ("FRVC#2")

## DISCUSSION

The Court's records show Movant Fall River Village Communities, LLC ("FRVC") filed a claim in this matter on April 30, 2009.  CCIF does not object to a claim by FRVC, because CCIF has already filed an objection to that claim and the claim of FRVC filed in Case No. 09-17437 MER, and has moved to consolidate those objections with CCIF's claims in Adversary No. 09-1530 MER.  Thus, the only issue before the Court is whether the other two Movants, Rhonda Lane and the Robert A. Filbey Irrevocable Trust, may be allowed to file late claims.

---

[4] See Docket No. 162 in Adversary No. 09-1530 MER.

[5] Docket No. 800  in Case No. 09-17238 MER.

[6] See Docket No. 814 and 816 in Case No. 09-17238 MER.

The documents claimed by the Movants to constitute "informal proofs of claim" are the following 1) *Noel Lane's Pro Se Objection to CCI Funding's Motion to Approve Agreed Order Pursuant to 11 U.S.C. 361 and 363* (Docket No. 223 in Case No. 09-17238 MER) (the "Objection"); 2) *Noel Lane's Amended Pro Se Objection to CCI Funding's Motion to Approve Agreed Order Pursuant to 11 U.S.C. 361 and 363* (Docket No. 240 in Case No. 09-17238 MER) (the "Amended Objection"); and 3) *Noel Lane's Third Amended Pro Se Objection to CCI Funding's Motion to Approve Agreed Order Pursuant to 11 U.S.C. 361 and 363* (Docket No. 264 in Case No. 09-17238 MER) (the "Third Objection "). The documents are objections to CCI's and CCIF's motions for approval of a cash collateral and adequate protection agreement.  The documents are signed by Noel West Lane, III.  The certificates of service are signed by Rhonda Lane.

The Amended Objection (Docket No. 240) alleges Noel West Lane, III's wife is Rhonda Lane who is the trustee of the Robert A. Filbey Irrevocable Trust, which contributed land to FRVC.  The Amended Objection also states FRVC is owned by the Robert A. Filbey Irrevocable Trust and The Lane III Group, and Rhonda Lane and the Robert A. Filbey Irrevocable Trust agreed to provide guaranties with respect to a subordination agreement with US Bancorp. on behalf of FRVC#2.   In addition, the Amended Objection alleges Noel West Lane, III is the sole shareholder of The Lane III Group, and The Lane III Group is the managing member of FRVC.

The Tenth Circuit has adopted the following standards for determining whether an informal proof of claim may be recognized: 1) the proof of claim must be in writing; 2) the writing must contain a demand by the creditor on the debtor's estate; 3) the writing must express an intent to hold the debtor liable for the debt; 4) the proof of claim must be filed with the Bankruptcy Court; and 5) based on the facts of the case, it would be equitable to allow the amendment.[7]

Here, the documents cited by the Movants, while they are in writing and were filed in this Court, were not filed by or on behalf of the Movants.  They were filed by Mr. Lane, *pro se.* Further, while the Amended Objection mentions guaranties which may be collaterally related to Mr. Lane's assertions regarding the Debtors, none of the three objections express an intent to hold the Debtor's estate liable to the Movants.  Lastly, and most important, it would not be equitable to allow the late claims.  Specifically, since both FRVC and FRVC#2 are already claimants against the bankruptcy estates, and since the Movants assert they are not seeking additional recovery, it would be duplicative and unnecessarily complex to allow claims by the other Movants.  Mr. Lane, as the

---

[7] *In re Reliance Equities, Inc.*, 966 F.2d 1338 (10th Cir.1992)

sole shareholder of the managing member of FRVC, possesses the ability to pursue the rights of that entity and any of its members.

## CONCLUSION

Based on the above discussion,

IT IS HEREBY ORDERED that the *Motion to File Late Filed Claims* is hereby denied with respect to Rhonda Lane and the Robert A. Filbey Irrevocable Trust, and granted with respect to Fall River Village Communities, LLC.

Dated September 21, 2012                                BY THE COURT:

Michael E. Romero
United States Bankruptcy Judge